IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00332-BNB

MARCUS ROBERT WILLIAMS,

    Applicant,

v.

JOHN OLIVER, Warden,

    Respondent.

## ORDER OF DISMISSAL

Applicant, Marcus Robert Williams, is in the custody of the United States Bureau of Prisons at the United States Penitentiary in Florence, Colorado. Applicant, initiated this action by filing *pro se* a 28 U.S.C. § 2241 application that challenges the validity of his conviction and sentence in *United States v. Williams*, No. 07-cr-00259-FL (E.D. N.C. Nov. 4, 2008). On February 18, 2014, Magistrate Judge Boyd N. Boland entered an Order to Show Cause directing Applicant to respond and show cause why the Application should not be denied because Applicant has an adequate and effective remedy in the sentencing court. Applicant responded to the Order to Show Cause on March 20, 2014. *See* ECF Nos. 8, 9, and 10.

The Court must construe liberally the Application and other pleadings filed by Applicant pursuant to the Order to Show Cause because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court cannot act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the action will be

dismissed.

Applicant pled guilty to Interfering with Commerce by Robbing and Aiding and Abetting (Hobbs Act) pursuant to 18 U.S.C. §§ 1951 and 2 and to Brandishing a Firearm During a Crime of Violence and Aiding and Abetting pursuant to 18 U.S.C. §§ 924(c) and 2. He was sentenced on November 4, 2008, to a total of 262 months of incarceration and five years of supervised release. *Williams*, No. 07-cv-00259-FL at ECF No. 50. Applicant filed a notice of appeal on November 13, 2008. *Id.* at eCF No. 62. The appeal was dismissed by the Fourth Circuit because Applicant had waived his right to appeal in his plea agreement. *See United States v. Williams*, No. 08-5134 (4th Cir. July 17, 2009). Applicant petitioned the United States Supreme Court for certiorari review, which was denied on November 16, 2009. *See Williams v. United States*, No. 09-7101 (Nov. 16, 2009).

Applicant then filed two 28 U.S.C. § 2555 motions: the first motion on September 7, 2010, and the second on May 15, 2013. In the first motion, Applicant raised claims including (1) ineffective assistance of counsel for failing to investigate his criminal history before entering a plea agreement; (2) actual innocence because he does not qualify as a career offender; and (3) the sentence for count two does not apply to him because he cannot be imprisoned under § 924(c)(1) if he also is found to be an armed career criminal act defendant under § 924(e)(1). *United States v. Williams*, No. 10-cv-00362- (07-cr-00259-FL), ECF Nos. 73 and 74 (E.D. N.C. Filed Sept. 7, 2010). The motion was denied on March 29, 2011, *see* ECF No. 83 and 84, and the Fourth Circuit dismissed Applicant's appeal as untimely, *see United States v. Williams*, No. 12-7041 (4th Cir. Aug. 16, 2012) (petition for rehearing was denied).

In the second motion, Applicant argued that he is not a career offender in light of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), and that he has met the requirements necessary to obtain relief under § 2255. *Williams*, No. 07-cr-00259-FL at ECF No. 99. The Eastern District of North Carolina denied the motion on May 16, 2013, without prejudice and directed Applicant to obtain authorization to file a successive § 2255 from the Fourth Circuit. *See Williams*, No. 07-cr-00259-FL at ECF No. 101. Applicant filed a motion for authorization with the Fourth Circuit that was denied on July 15, 2013. *See In re: Marcus Robert Williams*, No. 13-276 (July 15, 2013).

Applicant raises two claims in this Application: (1) he is not in fact a career criminal; and (2) the findings in *Simmons* and *Alleyne* should be applied retroactively to his sentence because his sentence in count two, eighty-four months, is cruel and unusual punishment.

First, Applicant may not rely on *Alleyne* for relief in this action. The Tenth Circuit Court of Appeals most recently held that *Alleyne* was decided on direct review, is an extension of *Apprendi*, and other rules based on *Apprendi* do not apply retroactively on collateral review. *See In re: James Edward Payne*, 733 F.3d 1027, 1030 (10th Cir. 2013).

Furthermore, "[a] federal prisoner may file a § 2241 application to challenge the legality of his conviction under the limited circumstances provided in the so-called savings clause of § 2255." "Pursuant to this savings clause, a § 2241 petition may be appropriate if the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of [an applicant's] detention." *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011) (citing 28 U.S.C. § 2255(e); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th

Cir. 1996)).  The narrow reading of the savings clause is well established in the Tenth Circuit.  *See Prost v. Anderson*, 636 F.3d 578, 588 (10th Cir. 2011).  Rarely is a remedy inadequate or ineffective to challenge a conviction in a § 2255 motion.  *Brace*, at 1169 (citing *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010) (erroneous decision on a § 2255 does not necessarily render the § 2255 remedy inadequate or ineffective)); *see also Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) ( The remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances.") .

The remedy available pursuant to § 2255 may be inadequate or ineffective if the sentencing court has been abolished, refuses to consider the § 2255 motion, inordinately delays consideration of the § 2255 motion, or is unable to grant complete relief.  *See Caravalho,* 177 F.3d at 1178.  Applicant does not assert any of these circumstances.

Another circumstance where the remedy in a § 2255 motion may be inadequate or ineffective is where the gate-keeping language of § 2255 bars retroactive application of a Supreme Court case that does not state a new rule of constitutional law but demonstrates an applicant is actually innocent.  *United States v. Apodaca*, 90 F. App'x 300, 303 n.8 (10th Cir. Jan. 30, 2004) (unpublished) (citing *Reyes-Requena v. United States*, 243 F.3d 893, 902 n.20 (5th Cir. 2001) (allowing a habeas corpus application pursuant to § 2241 on a showing of actual innocence)).  The Tenth Circuit, however, has explicitly declined to adopt the *Reyes-Requena* test.  *See Prost*, 636 F.3d at 593-94. Furthermore, both the erroneous circuit foreclosure test, *see In re Davenport*, 147 F.3d 605, 610 (7th Cir. 1998), and a novel argument for relief, are rejected by the Tenth

Circuit as a way to invoke the savings clause and proceed to § 2241. *Prost*, 636 F.3d at 593-94.

Finally, Applicant bears the burden of demonstrating that the remedy in § 2255 is inadequate or ineffective. *Id.* at 584. "[A] prisoner can proceed to § 2241 only if his initial § 2255 motion was *itself* inadequate or ineffective to the task of providing the [applicant] with a *chance* to *test* his sentence or conviction." *Prost*, 636 F.3d at 587. Neither the sentencing court's denial of Applicant' § 2255 motion on the merits, nor the circuit court's denial of authorization of a successive § 2255 motion, demonstrates that the remedy provided in § 2255 is inadequate or ineffective. *See Carter v. Attorney General*, 782 F.2d 138, 141 (10th Cir. 1986) ("[c]ollateral attacks upon criminal convictions, no matter how they are characterized by a litigant, are properly governed by the same considerations which underlie habeas corpus proceedings."). "Failure to obtain *relief* under § 2255 does not establish that the *remedy* so provided is either inadequate or ineffective." *See Bradshaw*, 86 F.3d at 166 (quoting *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963)).

Because Applicant fails to demonstrate the remedy available to him in the sentencing court or the circuit court, pursuant to 28 U.S.C. § 2255, is inadequate or ineffective, the Application will be dismissed for lack of statutory jurisdiction. *See Abernathy v. Wandes*, 713 F.3d 538, 557 (10th Cir. 2013).

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order is not taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the Tenth Circuit within thirty days in

accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Application is denied and the action is dismissed because Applicant fails to assert that his remedy in the United States District Court for the Eastern District of North Carolina is inadequate or ineffective.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this  25th  day of    April         , 2014.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court